**Leonardo NEPOMUCENO REPUYAN,**
Petitioner,

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 02–74001.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 14, 2004.

Orit Levit, Korenberg, Abramowitz & Feldun, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC-District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Jennifer L. Lightbody, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

* The panel unanimously finds this case suitable  for decision without oral argument. *See* Fed.

## MEMORANDUM **

Leonardo Nepomuceno Repuyan, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence a denial of asylum and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

Nepomuceno Repuyan testified that on two occasions he received letters from the New Peoples' Army ("NPA") asking for money. He disregarded the letters and the NPA never contacted or threatened him again. He further testified that his wife and children, who remain in his home town, have never been contacted bythe NPA. He also testified that after moving to Manila, his vehicle was stolen by NPA guerillas and used in a raid. This evidence does not compel the conclusion that Nepomuceno Repuyan was persecuted on account of an enumerated ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177–78 (9th Cir.2004).

Consequently, petitioner failed to establish eligibility for asylum, *see Acewicz v. INS*, 984 F.2d 1056, 1061–62 (9th Cir. 1993), or withholding of removal, *see Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000).

Similarly, Nepomuceno Repuyan's CAT claim failed because he did not show that it would be more likely than not that he would be tortured if returned to the Philippines. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

Petitioner's contention that the BIA's summary affirmance procedure violates due process is foreclosed by our decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay was not opposed, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

